| .WALTZER, Judge.
Two different law firms were hired by a particular plaintiff in a wrongful death and survival action. Todd Buras hired Mark Ackal to represent him, and after discharging Ackal, Todd Buras hired Philip Cossich. Both Ackal and Cossich claim a percentage of the attorney’s fees generated from the settlement of Todd Buras’ claim. The trial court awarded Cossich eighty (80%) percent of the fee and Ackal twenty (20%) percent of the fee. Ackal appeals this award.
FACTS AND HISTORY OF THE CASE
Elaine Buras died after a car accident on 17 January 1996. She had seven ‘children. Two separate actions were filed by the decedent’s children. These two actions were consolidated on 29 April 1996. Ackal represented five of the children, including Todd Buras. Two of the five clients executed powers of attorney in favor of a sibling. Through his agent, Todd signed a contingency fee agreement with Ackal on 24 February 1996. Ackal filed suit for these five children on 18 April 1996. He gathered the police report, took statements from witnesses, and met with three of the five clients. Soon after his hire by these five children, Ackal spoke by telephone with Todd Buras. However, after that conversation, Ackal never again attempted to contact Todd Buras, until a July 1997, letter from |?Todd discharging Ackal. Although Todd Buras did not revoke the power of attorney in favor of his brother Owen Buras, executed on 16 February 1996, he notified Ackal, by letter, in both July and August 1997, that he no longer needed Ackal’s representation, that he had acquired other representation and asked Ackal to forward his file to the new attorney. Todd Buras signed a new contingency fee agreement with the firm of Cossich, Martin & Sumich, L.L.C. on 27 August 1997.
At some point Ackal propounded discovery requests to the defendants, and he also filed a Motion to Compel responses to these discovery requests. Moreover, he responded to discovery requests propounded to plaintiffs, including Todd Buras, at some point in his representation of the five children. He never spoke with Todd Bu-ras about these responses, and he didn’t correspond directly with this client.
In September 1997, Ackal noticed numerous depositions. He did not include *1012 the Cossich firm in these notices. However, numerous depositions occurred between this date and the resolution of this case. Ackal conducted many of them, including the deposition of an expert hired by the plaintiffs. Todd Buras’ new attorney also attended, via telephone, the deposition of this expert. Moreover, the Cos-sich firm prepared Todd Buras for his deposition and attended it as his representative. Trial of this matter was scheduled for January 1998.
Both Cossich and Ackal filed pre-trial inserts. At the pre-trial conference in December 1997, Ackal produced Todd Buras’ file, for copying, to the Cossich firm. He did not offer any explanation for failing to produce the file before this late date, although he admitted receipt of the requests of July and August 1997.
On the eve of trial, all of the children settled their claims. Todd Buras received more for his claim than the other six children. Ackal and Cossich contested the division of the contingency fee earned through the settlement of | aTodd Buras’ claims.[1] After a hearing on the division of the fee, the trial court awarded the Cos-sich firm eighty percent (80%) and Ackal twenty percent (20%) of the disputed portion of this fee. In its reasons for judgment, the trial court explained;
Because Ackal was a stranger to Todd during his entire tenure of representation; exerted no effort particular to Todd’s own claim or to establish Todd’s damages; conducted most of the discovery after no longer Todd’s attorney; and could not get his clients what Cossich was able to get for his ex-client, the Court determines that 70% of the fee should be apportioned to Cossich. The Court will reduce Ackal’s proportionate share of the fee an additional 10% because of the nature and gravity of the cause which gave rise to his discharge.
Ackal appeals this award, arguing that he deserves more than twenty percent (20%) of Todd Buras’ fee. Ackal does not argue that he has a right to the additional fee, generated by Cossich through the higher contingency fee agreement and the additional settlement amount. Ackal demands thirty (30%) percent of $200,000.00.
STANDARD OF REVIEW
Essentially, Ackal argues that the trial court erred by finding that Todd Buras discharged Ackal for cause, by deciding that the highest percentage to which Ackal was entitled totaled thirty percent (30%) and reducing that percentage by ten percent (10%), and by thus dividing the fee between the two lawyers. We review the entire record to determine whether we find such factual conclusions manifestly erroneous. O’Rourke v. Cairns, 95-3054 p. 9 (La.11/25/96); 683 So.2d 697, 703. DISCUSSION
The trial court found that Todd Buras had cause to discharge Ackal, that this client had agreed to pay Ackal one-third of any settlement, and that using the Rfactors enunciated in Rule 1.5 of the Rules of Professional Conduct, the trial court awarded eighty percent of the fee to Cossich and twenty percent to Ackal, reducing the maximum allocation to Ackal by a percentage attributable to his fault. We find nothing in the record to suggest that the trial court erred in these findings
The trial court found that Ackal failed to communicate with his client, Todd Buras. Ackal does not contest this conclusion. In his defense, he argues that he communicated with this client through Todd Buras’ siblings, specifically his sister Patty Wallace. Ackal relies on an oral agreement reached at a conference of three of the five siblings which he represented. However, Todd Buras did not participate in this conference. Moreover, we are not persuaded that either such an agreement or *1013 the power of attorney executed by Todd in favor of his brother, Owen, disposed of Ackal’s responsibility to communicate with his client, Todd Buras. The attorney-client relationship is a close personal relationship. Smith v. Westside Transit Lines, Inc., 313 So.2d 371, 376 (La.App. 4th Cir.1975), writ denied 318 So.2d 43 (La.1975).
Ackal admits he spoke with Todd Buras only once before his client threatened discharge. Moreover, he also admitted that he answered discovery requests for Todd Buras without ever communicating directly with this respondent. He never met personally with Todd Buras, and Todd Buras testified that Ackal did not return numerous telephone calls. After a thorough review of the record we cannot say that the trial court erred by finding that Todd Bu-ras discharged Ackal for cause.
| ¡After considering the factors listed in Rule 1.5 of the Rules of Professional Conduct, the trial court allocated seventy percent of the disputed portion of the fee to Cossich and thirty percent of this portion to Ackal. Rule 1.5, concerning the criteria to be used in determining the appropriate fee, provides, in pertinent part;
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the clients or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7)The experience, reputation, and ability of the lawyer or lawyers performing the services;
Rule 1.5(a), Rules of Professional Conduct.
The record contains no evidence contradicting the trial court’s conclusions. Ackal represented Todd Buras and four of his siblings from February 1996, until Buras discharged him for cause in July or August 1997. Ackal filed the suit for Todd Buras, responded to some discovery requests, investigated the accident by gathering police reports and statements of witnesses, and propounded discovery requests. He also represented Todd Buras for a longer time period. However, the trial court found, and our review of the record supports this finding, that this was not a difficult case for establishing liability. Ackal admitted that he did not consider the issue of damages of the individuals an important area of concern. Furthermore, he admitted that he had spent no consequential time on each child’s damages.
Cossich assumed the representation of Todd Buras in. August 1997. After this date, most of the work on this case was completed. Witnesses were deposed, including Todd Buras, and settlement offers were generated. Cossich negotiated | ^settlement of Todd Buras’ claim, and he settled his client’s claim for more than Ackal settled his clients’ claims. We find no error with the trial court’s allocation of the disputed portion of the fee, seventy percent to Cossich and thirty percent to Ackal.
Considering the nature and gravity of the cause for which Todd Buras discharged Ackal, we do not believe the trial court erred in its reduction of the discharged attorney’s portion of the fee by ten percent. Ackal did not attempt regular communication with his client. Moreover, Todd Buras testified that Ackal did not return numerous telephone calls. We find it very telling that Ackal contacted Todd Buras immediately after the first letter discharging him in July 1997. We also find it egregious that after receipt of *1014 the two letters in July and August 1997, Ackal failed both to produce Todd Buras’ file to his new attorney and to include the new counsel on the numerous notices of depositions. We find no error in the ten percent reduction of his fee for cause. CONCLUSION
For the above reasons, we affirm the trial court’s division and allocation of the disputed portion of the contingency fee generated by settlement of Todd Buras’ claim.
AFFIRMED.

. Because the attorneys consented to a determination of the division of the fee by the trial court, we do not consider the effect of the discharged attorney’s failure to intervene in the suit on his own behalf and demand a portion of the fee.